UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

FERNANDO ABASCAL, §
§
     Plaintiff, §
VS. § CIVIL ACTION NO. 4:18-CV-03930
§
UNITED PROPERTY & CASUALTY §
INSURANCE COMPANY, §
§
     Defendant. §

## <u>ORDER</u>

Before the Court are Fernando Abascal's ("Plaintiff") Motion to Remand (Doc. #4) and United Property & Casualty Insurance Company's ("Defendant") Response (Doc. #5). After reviewing the parties' arguments and the applicable legal authority, the Court denies Plaintiff's Motion to Remand.

## I.    Background

Defendant insured Plaintiff's property against windstorm damages. Doc. #4 at 1. As a result of Hurricane Harvey, Plaintiff's property was damaged. *Id.* Consequently, Plaintiff filed an insurance claim with Defendant. *Id.* Defendant then retained an independent adjuster to assess Plaintiff's loss. Doc. #5 at 5. Based on the independent adjuster's findings, Defendant partially denied Plaintiff's claim. *Id.* Plaintiff then filed his Original Petition in state court. Doc. #4 at 1. Subsequently, Defendant removed the case to federal court. Doc. #1.

Plaintiff now presents a Motion to Remand. Doc. #4. Plaintiff argues remand is proper because he stated in his Original Petition that he "will never ask, receive, or take a judgment for any amount exceeding $75,000." Doc. #1, Ex. 3 at 11–12. Defendant argues that Plaintiff's statement does not qualify as a binding stipulation and that the Original Petition demonstrates

on its face that the amount in controversy exceeds $75,000. Doc. #1, Ex. 3 at 8.

The questions before the Court are whether Defendant has established—by a preponderance of the evidence—that the amount in controversy exceeds the jurisdictional amount and whether Plaintiff has stipulated with legal certainty that the amount in controversy is below $75,000.

## II.     Legal Standard

Federal courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C § 1332(a). When a case is removed to federal court, the "removing party bears the burden of establishing whether federal jurisdiction exists." *Cantu v. State Farm Lloyds*, No. 7:14-CV-456, 2016 WL 5372542, at *2 (S.D. Tex. Sept. 26, 2016). If the removing party can "show that the amount in controversy exceeds the jurisdictional amount," the party seeking remand "must then show with legal certainty that he will not be able to recover more than the jurisdictional amount." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995). "The Fifth Circuit has explained that 'once the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction.'" *Williams v. Companion Prop. & Cas. Ins. Co.*, No. 4:13-CV-733, 2013 WL 2338227, at *3 (S.D. Tex. May 27, 2013) (citing *De Aguilar II*, 47 F.3d at 1411–12).

## III.    Analysis

### A. Jurisdictional Amount

In the Original Petition, Plaintiff stated that damages would not exceed $75,000. Doc. #1, Ex. 3 at 11–12. However, Texas law does not permit a plaintiff to plead that the damages sought will not exceed $75,000. *Chavez v. State Farm Lloyds*, No. 7:15-CV-487, 2016 WL 641634, at *2

(S.D. Tex. Feb. 18, 2016) (discussing Tex. R. Civ. P. 47). Defendant argues that based on "the causes of actions alleged and the types of damages sought," it is apparent that Plaintiff seeks damages in excess of $75,000. Doc. #5 at 8. In order to satisfy the burden of establishing that federal jurisdiction exists, the Defendant may show that it is "apparent from the face of the petition that the claims are likely to exceed $75,000." *Cantu*, 2016 WL 5372542, at *2.

Here, Plaintiff alleges that he "has incurred economic damages of $19,303.41." Doc. #4, Ex 1 at 2. In addition to actual economic damages, Plaintiff is seeking prejudgment and post judgment interest, compensatory damages to include: economic hardship, losses due to nonpayment of the amount the insurer owed and damages for mental anguish and emotional distress. Doc. #1, Ex. 3 at 10–11. Furthermore, Plaintiff is seeking treble damages, eighteen percent penalty interest, attorney's fees, court costs, "punitive and exemplary damages" for alleged violations of the Texas Insurance Code, fraud, and breach of good faith and fair dealings. *Id.*

Similarly, in *Chavez*, a plaintiff pleaded an itemized damage model which sought damages for: mental anguish, eighteen percent penalty interest, attorney's fees, taxable court costs, exemplary damages, treble damages, and for pre-judgment interest. 2016 WL 641634, at *2. In *Chavez*, the court found that because the plaintiff's original petition sought treble damages and exemplary damages in addition to her other requested damages it was clear that the amount in controversy exceeded $75,000. *Id.*

Accordingly, looking on the face of Plaintiff's Original Petition—which seeks treble damages, penalty damages, and exemplary damages—it is clear that the amount in controversy exceeds $75,000 and this Court has jurisdiction.

## B. Legal Certainty

"Once Defendant has established by a preponderance of the evidence that the amount

in controversy exceeds the jurisdictional amount, removal is proper, unless Plaintiffs show with legal certainty that the claim is for less than the jurisdictional amount asserted in the original petition." *Cantu*, 2016 WL 5372542 at *3. "To show legal certainty, a Plaintiff needs to file a binding stipulation or affidavit with the state court which limits the damages sought." *Williams*, 2013 WL 2338227 at *3. Here, the Plaintiff attempts to stipulate his damages by stating in his Original Petition that he will never demand or accept more than $75,000. Doc. #1, Ex. 3 at 11. However, Plaintiff did not file a binding stipulation or an affidavit alongside the original state court petition. A Plaintiff seeking to stipulate damages with legal certainty cannot merely state in his original complaint that the damages will be below the jurisdictional amount. *See Martinez v. Kroger Tex. L.P.*, No. H-18-4804, 2019 WL 954963, at *4 (S.D. Tex. Feb. 27, 2019) ("Plaintiff's Petition standing alone is insufficient to limit her recovery . . . Plaintiff must file an affidavit, a stipulation, or other statement limiting her recovery *alongside* her [Original] Petition.") (emphasis added).

Accordingly, Plaintiff failed to stipulate with legal certainty that the amount in controversy is below $75,000.

**IV.    Conclusion**

For the foregoing reasons, Plaintiff's claims on the face of the original complaint exceed $75,000 and Plaintiff failed to stipulate with legal certainty that damages will not exceed $75,000. Therefore, Plaintiff's Motion to Remand is hereby DENIED.

It is so ORDERED.

Date    JUL 1 8 2019

The Honorable Alfred H. Bennett
United States District Judge

4